# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**PETER LEE COTTON,**

   **Petitioner,**

**v.**          **Case No.  3:12cv550/MCR/CJK**

**MICHAEL D. CREWS,**

   **Respondent.**

_____/

## REPORT AND RECOMMENDATION

   Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, arguing in the alternative that the petition fails on the merits.  (Doc. 12).  Respondent has submitted relevant portions of the state court record.  (*Id.*).  Petitioner responds that his claim is not time-barred and warrants federal habeas relief.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and without merit.

## BACKGROUND AND PROCEDURAL HISTORY

On October 16, 2009, the State of Florida filed an Information in the Circuit Court for Walton County, Florida, Case Number 09-CF-573, that was ultimately amended to charge petitioner with the following: (1) trafficking in amphetamine or methamphetamine, in violation of Fla. Stat. § 893.135(1)(f) (Count 1); (2) unlawful possession of a listed chemical, in violation of Fla. Stat. §§ 893.033(1) and 893.149 (Count 2); (3) sale, manufacture, delivery, or possession with intent to sell a controlled substance, in violation of Fla. Stat. § 893.13(1)(a) (Count 3); (4) possession of drug paraphernalia, in violation of Fla. Stat. § 893.147(1) (Count 4); and (5) felony failure to appear, in violation of Fla. Stat. § 843.15(1)(a) (Count 5). (Doc. 12, Ex. D).[1] Petitioner entered a counseled no contest plea to the charges (as charged) and, by amended judgment and sentence rendered January 24, 2011, was adjudicated guilty and sentenced to concurrent terms of fifteen years imprisonment on Counts 1 and 2 (with a fifteen-year mandatory minimum on Count 1), five years imprisonment on Counts 3 and 5, and one year of imprisonment on Count 4. (Exs. E, F, G). Petitioner did not appeal the amended judgment and sentence.

On January 4, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, challenging the constitutionality of Fla. Stat. § 893.101, relying primarily on *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011). (Ex. I, pp. 1-17). The motion was summarily denied without an evidentiary hearing. (*Id.*, pp. 18-37). The Florida First District Court of Appeal ("First DCA") issued the following per curiam opinion:

---

[1]All references to exhibits will be to those provided at Doc. 12, unless otherwise noted.

PER CURIAM.

AFFIRMED.  See <u>Flagg v. State</u>, 74 So. 3d 138 (Fla. 1st DCA 2011).

*Cotton v. State*, 88 So.3d 383 (Fla. 1st DCA 2012) (copy at Ex. L).  The mandate issued June 12, 2012.  (Ex. M).  On June 13, 2012, petitioner filed a petition for discretionary review in the Florida Supreme Court (ex. O); however, the Florida Supreme Court dismissed the case on November 9, 2012, with the following opinion:

> Having determined that this Court is without jurisdiction, this case is hereby dismissed.  <u>See Harrison v. Hyster Co.</u>, 515 So.2d 1279 (Fla. 1987); <u>Dodi Publishing Co. v. Editorial America, S.A.</u>, 385 So. 2d 1369 (Fla. 1980).

> No motion for rehearing will be entertained by the Court.

*Cotton v. State*, 105 So.3d 519 (Fla. 2012) (Table) (copy at Ex. Q).

Petitioner filed the instant federal habeas petition on November 15, 2012. (Doc. 1, p. 1).

## THE PETITION IS TIME BARRED

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),  the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction.  Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A) on February 23, 2011, which is 30 days after rendition of the January 24, 2011 judgment.  *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust*

*v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where habeas petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date the time for seeking direct review expired), *abrogated on other grounds by Wall v. Kholi*, — U.S. —, 131 S. Ct. 1278, 179  L. Ed. 2d 252 (2011).   The federal habeas statute of limitations began to run on that date.  The limitations period expired one year later on February 24, 2012, in the absence of tolling.  *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner allowed 314 days of the limitations period to lapse before filing his Rule 3.850 motion on January 4, 2012.  Petitioner's Rule 3.850 motion was pending (and statutorily tolled the limitations period) from January 4, 2012 (the date it was filed), until June 12, 2012 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).  *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" Rule 3.850 motion is "pending" under Florida procedure – and consequently tolls the limitation period – until the appellate court's issuance of the mandate on appeal).  Petitioner's Rule 3.850 motion was not "pending" within the meaning of § 2244(d)(2), while petitioner sought discretionary review of the First DCA's decision in the Florida Supreme Court; therefore, the limitations period was <u>not</u> statutorily tolled during that period.

In *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), the Supreme Court determined that an application is "pending" under § 2244(d)(2), as long as the state collateral review process is "'in continuance' – i.e., 'until the completion of' that process". The Court stated:

> [A]n application is pending as long as the ordinary state collateral review process is "in continuance" – i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

536 U.S. at 219-20, 122 S.Ct. at 2138; *see also Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) ("'Pending' refers to the continuation of the process, or the time until the process is completed. . . . The process is not complete until there is no other avenue the prisoner could pursue." (*citing Carey*, 536 U.S. at 219-20, 122 S. Ct. 2134, *and Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004)). Florida's postconviction procedures do not provide for an appeal to the Florida Supreme Court. Fla. Const. art. 5, § 3(b); Fla. R. App. P. 9.030(a)(1) (describing the orders and decisions that fall within the state supreme court's appeal jurisdiction).

Petitioner sought to invoke the Florida Supreme Court's <u>discretionary</u> jurisdiction for conflict review based on the rationale of *Jolie v. State*, 405 So.2d 418 (Fla. 1981). (Doc. 12, Ex. O, p. 3). In *Jolie*, the Florida Supreme Court said:

> [A] district court of appeal per curiam opinion which cites as controlling authority a decision that is either pending review in or has been reversed by this Court continues to constitute prima facie express conflict and allows this Court to exercise its jurisdiction.

*Id*. at 420. However, in *Harrison v. Hyster Co.*, 515 So.2d 1279 (Fla. 1987), the authority upon which the Florida Supreme Court dismissed petitioner's case for lack of jurisdiction, the Florida Supreme Court explained that "*Jolie*'s reference to the

'controlling authority . . . that is . . . pending review' refers to a case in which the petition for jurisdictional review has been granted and the case is pending for disposition on the merits." *Harrison*, 515 So.2d at 1280. The *Harrison* court held that when a district court of appeal per curiam opinion cites as controlling authority a case that the Florida Supreme Court <u>never reviewed on the merits</u> (because the petition for review was denied), the rationale of *Jolie* does not apply and the Florida Supreme Court lacks jurisdiction to review the case. *Harrison*, 515 So.2d at 1280. Petitioner admits (doc. 15, p. 2 ¶ g.), and there can be no dispute, that the case which the First DCA cited as controlling authority in petitioner's case – *Flagg v. State*, 74 So. 3d 138 (Fla. 1st DCA 2011) – was never reviewed on the merits because the Florida Supreme Court declined to accept jurisdiction and denied Mr. Flagg's petition for review. *Flagg v. State*, 104 So.3d 1083 (Fla. 2012) (Table).

The other case cited by the Florida Supreme Court in dismissing petitioner's petition for review was *Dodi Publishing Co. v. Editorial America, S.A.*, 385 So. 2d 1369 (Fla. 1980). In *Dodi*, the Florida Supreme Court dismissed for lack of jurisdiction a petition for conflict review, where the petition was based on a district court of appeal per curiam opinion which cited a prior written opinion, and the petitioner contended that the prior written opinion conflicted with another Florida appellate decision. The Florida Supreme Court explained that its conflict jurisdiction provides for review of "'any decision of a district court of appeal . . . that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.'" *Dodi*, 385 So.2d at 1369 (*quoting* Fla. Const. art. 5, § 3(b)(3)). The *Dodi* Court held that there is no basis for conflict jurisdiction where the district court opinion merely cites a prior written opinion. The

court explained:

> We reject the assertion that we should reexamine a case cited in a per curiam decision to determine if the contents of that cited case now conflict with other appellate decisions. The issue to be decided from a petition for conflict review is whether there is express and direct conflict in the decision of the district court *before us for review*, not whether there is conflict in a prior written opinion which is now cited for authority.

*Id.* at 1369 (emphasis added).

Turning to the instant case, this Court must defer to the Florida high court's procedural determination that it lacked jurisdiction to review the First DCA's affirmance of the order denying postconviction relief. *See Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) (citation omitted) (holding that "this Court must give 'due deference' to [a] procedural determination by the Georgia Supreme Court. Thus, we are bound by the state court's determination that the appeal was untimely."). Petitioner's attempt to invoke the jurisdiction of the Florida Supreme Court was a nullity, because, under existing law, which petitioner has never contended did not control, the petition for review could not invoke the Florida high court's nonexistent jurisdiction. Petitioner's Rule 3.850 motion was not "pending", and the limitations period was not statutorily tolled, beyond issuance of the First DCA's mandate.

The foregoing discussion also disposes of any argument that petitioner's petition for discretionary review could be considered an independent "properly filed application for State post-conviction or other collateral review", under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) (holding that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *id.*, 531 U.S. at

9 ( recognizing that where an application is accepted by the clerk of a court that lacks jurisdiction, "it will be *pending*, but not *properly filed*."); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that a federal habeas court must defer to a state court's determination that a postconviction application did not comply with the state's laws and rules governing filings; "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *see also, e.g., Kemp v. McNeil*, No. 5:08cv282/RS/AK, 2009 WL 4730542 (N.D. Fla. 2009) ("Because the motion was dismissed for lack of jurisdiction, it was not 'properly filed,' and tolling did not occur with its filing." (*citing Pace, supra*; *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004))); *McClellan v. Sec'y, Dep't of Corr.*, No. 2:06cv418, 2009 WL 2436592 (M.D. Fla. 2009) ("Jurisdiction is a condition of filing, so that an application will not be properly filed if the court later determines it lacked jurisdiction to hear the application." (*citing Pace*, 544 U.S. at 414-15)).

Petitioner's petition for review in the Florida Supreme Court did not toll the federal habeas limitations period. The limitations clock began to run once more on June 13, 2012 (the day after issuance of the First DCA's mandate), and expired 51 days later on August 2, 2012. The petition in this case was not filed until November 15, 2012, and is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

## THE PETITION ALSO FAILS ON THE MERITS

Even assuming for purposes of argument (but not deciding) that petitioner's federal habeas petition is timely and states a claim cognizable on federal habeas

review, the petition is due to be denied, because Eleventh Circuit precedent completely forecloses relief.

Petitioner raises one ground for relief:

THE STATE COURT ERRED IN FINDING THAT THE PROVISIONS OF CHAPTER 893, FLORIDA STATUTES (2009), THE FLORIDA COMPREHENSIVE DRUG ABUSE PREVENTION AND CONTROL ACT, THAT PROVIDE THAT KNOWLEDGE OF THE ILLICIT NATURE OF A CONTROLLED SUBSTANCE IS NOT AN ELEMENT OF ANY OFFENSES UNDER THE CHAPTER BUT RATHER THE LACK OF SUCH KNOWLEDGE IS AN AFFIRMATIVE DEFENSE, IS NOT UNCONSTITUTIONAL.

(Doc. 1, p. 4). Petitioner argues that his convictions for violating provisions of Chapter 893 should be vacated, because Chapter 893 is unconstitutional on its face (violates the Fourteenth Amendment of the United States Constitution and Article I, section 9 of the Florida Constitution), because it allows an individual to be convicted absent any proof of *mens rea*, mandates strict liability, criminalizes inherently innocent conduct, does not provide constitutionally required notice, and allows for severe penalties and lengthy prison terms of up to life in prison. (Doc. 1, p. 5). Petitioner raised this claim in his Rule 3.850 proceeding, and the state courts denied relief on the merits.

The underlying premise of petitioner's claim has been expressly rejected by the Eleventh Circuit. In *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013), the Eleventh Circuit reversed the district court's decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011) (the only federal court to ever accept petitioner's claim), and held that the state court's rejection of a constitutional claim identical to petitioner's did not contravene clearly established federal law. The district court in *Shelton* had determined that Fla.

Stat. § 893.101 was facially unconstitutional because (1) its penalties are too harsh to allow omission of a *mens rea* requirement, (2) violations lead to substantial social stigma and so *mens rea* is required, and (3) it reaches inherently innocent conduct without a *mens rea* component. *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011). On appeal, the Eleventh Circuit found that the district court had failed to give the proper deference under the AEDPA to the state courts' adjudication of the issue. The Eleventh Circuit held:

> As it turns out, a fine-grained parsing of Supreme Court precedents is unnecessary to resolve our constricted inquiry. One very general principle can be distilled from the Court's cases in this area: legislatures have "wide latitude . . . to declare an offense and to exclude elements of knowledge and diligence from its definition," but they still must "act within any applicable constitutional constraints" when defining the elements of a criminal offense[ ]. The Court has not drawn lines around this principle sufficient to dictate a particular result of the Florida court here, especially considering that Florida's elimination of *mens rea* was only partial. The Supreme Court has acknowledged that its work in this area has only just begun, noting twice that no court "'has undertaken to delineate a precise line or set forth comprehensive criteria for distinguishing between crimes that require a mental element and crimes that do not.'" Absent a Supreme Court case directly on point or a case so closely analogous that fairminded jurists would agree that its rule must extend to the present scenario, the Court's acknowledgment of uncertainty in this key principle effectively answers the AEDPA inquiry in Florida's favor.

> . . . .

> [AEDPA'S narrow] inquiry leads us to conclude that nothing in the *U.S. Reports* decides or implies resolution of the novel issue of the Florida Act's constitutionality, and we cannot find Florida's adjudication to be unreasonable under AEDPA.

*Shelton*, 691 F.3d at 1354-55 (footnotes omitted). Petitioner cannot demonstrate that the state courts' rejection of his due process challenge to Fla. Stat. § 893.101, at the time it was made, was contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent. Petitioner is not entitled to federal habeas relief. *See, e.g., Williams v. Tucker*, No. 5:12cv108/RS/EMT, 2012 WL 6059295 (N.D. Fla. Nov. 13, 2012) (rejecting identical claim); *Johnson v. Tucker*, No. 4:11cv202/MP/CAS, 2012 WL 4369775 (N.D. Fla. Sept. 25, 2012) (Rodgers, C.J.) (same).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 12) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Peter Lee Cotton* in the Circuit Court for Walton County, Florida, Case No. 2009-CF-573, be DISMISSED WITH PREJUDICE.

3. That the Clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of September, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).